PER CURIAM.
This disciplinary proceeding is before us on complaint of The Florida Bar and Report of the Referee. No petition for review has been filed by the respondent.
Upon consideration of the pleadings, exhibits, and evidence, the Referee found as follows:
“A. The Respondent did receive three deeds from Willie L. Leftwich, Esq., who requested Respondent to obtain the signature of Mrs. Tencie Wilkins on the deeds and then return them to Mr. Left-wich with a bill for services rendered. Respondent never did get these deeds signed and did not return them to Mr. Leftwich, although they were eventually returned through the attorney for the Respondent to a member of the Griev- *168 anee Committee of The Florida Bar of the First Judicial Circuit in order to purge the Respondent of contempt of the Supreme Court subsequent to entry of an Order of Contempt and Commitment by M. C. Blanchard, Circuit Judge of Es-cambia County, Florida, on August 15, 1974.
“B. During the year 1970 the Respondent received nine United States savings bonds with face value of $25.00 each from Helen Pugh, now Helen Pugh Mathis, which were originally issued in the name of J. H. Mitchell, and the Respondent failed and ultimately refused over a period of approximately four years to take any action to have these bonds transferred in a proper manner to Helen Pugh Mathis as the'owner. The said Helen Pugh Mathis made numerous phone calls attempting to contact the Respondent and wrote at least one letter during that period of approximately four years, but no action was taken on the work which she had requested Respondent to do for her, and no communication had with her during the last several years by Respondent and she did not receive her bonds back until subsequent to August 14, 1974, after Respondent was held in contempt and ordered committed by the Circuit Court of Escambia County, Florida, as previously mentioned. In order to obtain his release from jail, the Respondent through his attorney delivered the bonds to a member of the Grievance Committee of the First Judicial Circuit of The Florida Bar and same were returned to Mrs. Helen Pugh Mathis. Nothing appears to have been done to them in order to get them properly transferred and reissued in her name.
“C. The Respondent failed and refused at all times pertinent to these proceedings and the grievance proceedings upon which this disciplinary matter is brought to appear and be heard in person or by counsel and has offered no excuse whatsoever for his failure to obey the witness subpoenae and the notice of hearings served upon him pursuant to the Integration Rule of The Florida Bar.”
The Referee recommends that respondent be found guilty as charged in the complaint and specifically that he be found guilty of violations of his oath as an attorney, of Article XI, Rule 11:02(2) (3) (a) of the Integration Rule and of Disciplinary Rules 6-101 (A) (3), 7-101 (A) (2) (3), 9-102(B)(4) and 1-102(A)(1) of the Code of Professional Responsibility, and recommends that he be suspended from the practice of law for a period of six (6) months and thereafter until he shall satisfactorily prove his rehabilitation in a reinstatement proceeding.
The findings and recommendation of The Florida Bar are approved and respondent is hereby suspended from The Florida Bar for six months and thereafter until he shall satisfactorily prove his rehabilitation.
Execution is hereby directed to issue for costs against respondent in the amount of $208.10.
It is so ordered.
ROBERTS, Acting C. J., and BOYD, OVERTON, ENGLAND and HATCH-ETT, JJ., concur.